IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADRIANO KRUEL BUDRI,<br><br>    Plaintiff,<br><br>v.<br><br>FIRSTFLEET INC.,<br><br>    Defendant. | Case No. 3:21-cv-1872-L-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant FirstFleet Inc. has filed a Motion to Dismiss (ECF No. 28) this *pro se* civil action brought by Plaintiff Adriano Budri. Also before the Court is Budri's Motion for Leave to Amend the Complaint (ECF No. 32). For the reasons stated, the District Court should GRANT the Motion to Dismiss, DENY the motion for leave to amend, and DISMISS with prejudice all Budri's claims and causes of action. Further, the Court directs the Clerk of Court to STRIKE Budri's Addendum Complaint and Motion for Injunction Relief (ECF Nos. 15 & 33), as well as his improperly filed surreply (ECF No. 42).

**Background**

Budri is no stranger to federal court. In particular, he has a long history of litigation involving his alleged wrongful termination by FirstFleet in 2017. *See, e.g.*, *Budri v. FirstFleet, Inc.*, 2021 WL 2351127, at *1 (5th Cir. June 8, 2021) ("This is not the first time [the Court of Appeals] has considered Budri's grievances against

1

FirstFleet stemming from his brief employment and subsequent termination in early 2017."). He has filed three other civil lawsuits against FirstFleet, *see Budri v. FirstFleet Inc.*, 3:17-cv-02945-C-BN, (N.D. Tex. Oct. 25, 2017); *Budri v. FirstFleet, Inc.*, 3:17-cv-03241-C-BN (N.D. Tex. Nov. 29, 2017); *Budri v. FirstFleet Inc.*, 3:19-cv-00409-E-BH (N.D. Tex. Feb. 19, 2019), and six administrative complaints with the Occupational Safety and Health Administration (OSHA) challenging the circumstances of his termination—the dismissals of which he appealed to federal court. *See Budri v. Admin. Rev. Bd., United States Dep't of Lab.*, 858 F. App'x 117, 119-122 (5th Cir. 2021); *see also Budri v. Admin. Rev. Bd., United States Dep't of Lab.*, 825 F. App'x 178, 180 (5th Cir. 2020); *Budri v. Admin. Rev. Bd., United States Dep't of Lab.*, 764 F. App'x 431, 431-32 (5th Cir. 2019).

No court or administrative body has found that any of Budri's claims has merit. *See Budri v. FirstFleet Inc.*, 2021 WL 849012, at *1-5 (N.D. Tex. Feb. 18, 2021), *rec. adopted*, 2021 WL 842123 (N.D. Tex. Mar. 5, 2021) (recounting adverse decisions in actions brought by Budri). In fact, Budri has been reprimanded and warned against refiling meritless claims and other vexatious litigation behavior. *See Budri v. FirstFleet Inc.*, 2019 WL 5578975, at *1 (N.D. Tex. Oct. 29, 2019) ("Plaintiff is reprimanded and strongly warned that future litigation against Defendants or any of their agents or employees arising out of the same facts underlying this case will result in the imposition of more severe sanctions, which may include monetary and injunctive sanctions and/or an additional bar preventing Plaintiff from filing any civil action in federal court without obtaining

prior judicial authorization."); *see also Budri v. Admin. Rev. Bd.*, 858 F. App'x at 128 (granting request for entry of an order restricting future filings by Budri in the Fifth Circuit).

In the past, Budri has boasted to FirstFleet's counsel of his prowess as a "pain in the neck" litigant. Def.'s Mot. 5 (ECF No. 28). And here, Budri continues his "wear them down" litigation strategy, which is "characterized by quantity, repetition, and obstinance, rather than quality, logic, and prudence, with little regard for legal requirements, efficiency, or conservation of resources." *Budri v. Admin. Rev. Bd.*, 858 F. App'x at 125. He filed his initial pleading on August 11, 2021, Pl.'s Initial Compl. 1 (ECF No. 2); and since then—without seeking leave to amend—he has filed at least three pleadings which the Court construes as amended Complaints. Pl.'s Declaratory and Injunctive Compl. (ECF No. 3); Pl.'s Am. Compl. (ECF No. 15); Pl.'s First Mot. for Injunction Relief (ECF No. 33).[1] He has also filed more than 25 motions—including multiple motions requesting the undersigned's recusal, multiple motions objecting to the *pro hac vice* admission of opposing counsel, and various other motions with no basis in the Local Rules or the Federal Rules of Civil Procedure.

Budri's multitude of new filings contain few factual allegations. However, he admits that the current case is a "re-fil[ing]" of his prior civil actions and

---

[1] Although Budri did not style his First Motion for Injunction Relief (ECF No. 33) as a complaint, the "motion" contains a restatement of the vague legal conclusions and factual allegations contained in Budri's other three complaints. Thus, the Court construes it as another amended Complaint rather than a motion.

3

administrative complaints. Pl.'s Declaratory and Injunctive Compl. 18. As such, the Court construes his claims to be based on the same facts and procedural history alleged in his former actions, succinctly summarized by the Fifth Circuit as follows:

> Budri briefly worked for Firstfleet as a commercial truck driver in early 2017. After hiring Budri on January 25, 2017, Firstfleet fired Budri less than a month later on February 17, 2017. In firing Budri, Firstfleet cited instances when Budri failed to deliver a time-sensitive order, caused cargo damage by failing to secure a load properly, and failed to report an accident in which Budri caused a door to be torn from a trailer.
>
> . . . [For his part], Budri alleged that (1) Firstfleet terminated his employment in retaliation for his protected communications regarding an expired decal, hours-of-service violations, and a defective headlight bulb, in violation of the [Surface Transportation Assistance Act's (STAA's)] whistleblower-protection provisions; and (2) Firstfleet further violated the STAA by disclosing negative employment information about him to Tenstreet, a company that provides hiring services to trucking companies.

*Budri v. Admin. Rev. Bd.*, 858 F. App'x at 119.

As in his previous lawsuits, Budri contends in this case that FirstFleet's actions violated the STAA and that the OSHA decisions to the contrary were constitutionally flawed. Pl.'s Declaratory and Injunctive Compl. 2-4. The Court liberally construes his claims as a request to overturn the adverse OSHA decisions and allow his wrongful termination claim to proceed "as a *de novo* review civil action." *Id.* at 59.

FirstFleet filed a Motion to Dismiss and for Sanctions (ECF No. 28) on September 9—arguing that Budri's STAA claims are barred by the doctrine of

collateral estoppel and that Budri has failed to state a cognizable claim. Def.'s Mot. 5-9. On September 10, Budri filed a response arguing that FirstFleet's Motion is untimely, and that collateral estoppel is inapplicable because the ALJs who denied his OSHA claims were appointed in violation of the Constitution. Pl.'s Reply [*sic*] 3 (ECF No. 31). FirstFleet filed a reply on September 23 (ECF No. 41), and Budri filed an improper surreply the same day (ECF No. 42). Accordingly, the Motion is ripe for determination.

**Preliminary Matters**

I. <u>The Court directs the Clerk of Court to strike Budri's improperly filed amended complaints</u>.

Budri has filed multiple complaints in this lawsuit. He first filed his Initial Complaint with Jury Demand, then his Complaint for Declaratory and Injunctive Relief (ECF No. 3), and then his Addendum Complaint (ECF No. 15). Budri also filed a Motion for Injunction Relief (ECF No. 33), which, although styled as a motion, the Court construes as an amended complaint because it generally states the same legal and factual elements contained in Budri's other complaints.

A plaintiff may amend his complaint one time as a matter of right without court approval so long as it complies with the requirements set out in Rule 15 of the Federal Rules of Civil Procedure. After this initial amendment, a plaintiff may amend his pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Budri knows, or should know, of this limitation because the Court cited this rule in a previously filed action when it struck multiple

amended complaints he attempted to file without leave of court in that case. *See* Order (ECF No. 14), *Budri v. First Fleet, Inc.*, No. 3:19-cv-00409 (N.D. Tex. May 23, 2019).

Budri did not obtain FirstFleet's consent or seek leave of Court before filing any of his three amended complaints in this action. Accordingly, the Court considers Budri's first amended complaint—his Complaint for Declaratory and Injunctive Relief (ECF No. 3)—as the live pleading in this case and directs the Clerk of Court to STRIKE Budri's Addendum Complaint and Motion for Injunction Relief (ECF Nos. 15 & 33).

II. The Court directs the Clerk of Court to strike Budri's improper surreply.

Neither the Local Rules nor the Federal Rules of Civil Procedure allow a party to file a surreply as a matter of right. N.D. Tex. Loc. Civ. R. 7.1(e)-(f); *Gezu v. Charter Commc'ns*, 2021 WL 419741, at *2 (N.D. Tex. Jan. 7, 2021), *rec. adopted*, 2021 WL 410000 (N.D. Tex. Feb. 5, 2021). Indeed, surreplies are "highly disfavored" and permitted only in "extraordinary circumstances," such as when necessary to respond to new issues, theories, or arguments raised for the first time in a reply brief. *Id.* (citing *Luna v. Valdez*, 2017 WL 4222695, at *6 (N.D. Tex. Sept. 21, 2017)); *see also Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, 2003 WL 251318, at *18 (N.D. Tex. Feb. 3, 2003) ("A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage."). Budri has not shown the existence of any extraordinary circumstances that necessitate the filing of a surreply. Therefore, the

Court directs the Clerk of Court to STRIKE Budri's surreply to FirstFleet's Motion to Dismiss (ECF No. 42).

## Legal Standards and Analysis

I. <u>Budri does not state a cognizable claim against the only named defendant, FirstFleet.</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court liberally construes Budri's complaint with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*Pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Budri's Complaint for Declaratory and Injunctive Relief fails to plead sufficient facts to

state a claim upon which relief can be granted against FirstFleet. Indeed, Budri scarcely makes any *factual* allegations in his live pleading. And he fails to plead any "factual content" that might permit the Court to infer FirstFleet is liable for any misconduct.

Instead, Budri states he is seeking a "*de novo* review civil action," Pl.'s Initial Compl. 6-7; Pl.'s Declaratory and Injunctive Compl. 16, essentially requesting that the Court declare all his prior administrative proceedings unconstitutional and grant him a new trial. But FirstFleet does not have the power to grant him a new trial or declare any administrative proceeding unconstitutional. Budri further fails to make any demand for damages or other relief of any kind from FirstFleet itself. Accordingly, Budri has failed to meet the federal pleading standard.

Generally, the Court would permit Budri an opportunity to properly replead his claims. But "leave to amend need not be granted when it would be futile to do so." *See, e.g.*, *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (internal citations omitted). As explained below, any claim Budri might bring against FirstFleet or challenging his termination has previously been fully litigated and would be barred by the doctrine of collateral estoppel. Therefore, allowing Budri to replead would be futile. Budri's Motion for Leave to Amend the Complaint in order to add the United States Department of Labor and the Secretary of Labor as defendants should thus be denied (ECF No. 32).

II. <u>Budri's suit must be dismissed with prejudice because he is collaterally estopped from relitigating his claims against FirstFleet or challenging his termination.</u>

"Issue preclusion, also known as collateral estoppel, applies when '(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision.'" *Amrollah v. Napolitano*, 710 F.3d 568, 572 (5th Cir. 2013) (quoting *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) (en banc)). Collateral estoppel may exist between two parties even if only one of those parties was party to the case in which the issue was decided. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 575, *cert. denied* 547 U.S. 1055 (2006). The determination of a question directly involved in one action is conclusive as to that question in a second suit. *See B & B Hardware, Inc., v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015).

The issues in this lawsuit readily meet the requirements for collateral estoppel. Budri's myriad of lengthy complaints can be boiled down to the following allegations: (1) FirstFleet wrongfully terminated Budri, Pl.'s Initial Compl. 5-6; (2) FirstFleet retaliated against Budri by reporting him to a "consumer reporting agency," Pl.'s Addendum Compl. 7-8; and (3) the ALJs that held for FirstFleet in Budri's OSHA complaints were unconstitutionally shielded by "regulatory provisions guidance and policies [*sic*] providing . . . double layered removal protection," Pl.'s Declaratory and Injunctive Compl. 58-59.

All of these issues have been adjudicated in prior lawsuits. Budri himself admits that in this case he merely "re-files the civil action" previously filed in 2019.

9

*Id.* at 18. The Fifth Circuit considered Budri's wrongful termination claim in 2019—upholding its dismissal because "there [was] no genuine dispute of material fact as to the element of causation." *Budri v. Admin. Rev. Bd., United States Dep't of Lab.*, 764 F. App'x 431, 432-33 (5th Cir. 2019). Similarly, the Fifth Circuit also upheld the dismissal of Budri's retaliation claim in 2020 because he failed to file the complaint with OSHA "before the statutory deadline." *Budri v. Admin. Rev. Bd., United States Dep't of Lab.*, 825 F. App'x 178, 180 (5th Cir. 2020). And earlier this year the Fifth Circuit held that Budri's Constitutional challenge to the ALJs' authority has been forfeited. *Budri v. Admin. Rev. Bd., United States Dep't of Lab.*, 858 F. App'x 117, 122-26 (5th Cir. 2021) ("Because Appointment Clause challenges present non-jurisdictional structural constitutional challenges, they can be forfeited. . . . We find such forfeiture has occurred here") (internal quotation marks and citations omitted).

      Each of these issues was fully and fairly litigated in the prior cases—and in each case the courts specifically dealt with each issue—in 2019 dealing squarely with the termination claim, doing the same for the retaliation claim in 2020, and the same for the Constitutional challenge in 2021. These exact issues have been fully litigated and necessarily dismissed in the prior cases that have reached the Fifth Circuit. Accordingly, Budri is barred from bringing these same claims again in a new lawsuit.

      Furthermore, Budri's arguments against dismissal are without merit. Budri's contention that FirstFleet's Motion to Dismiss is untimely belies the

10

record. In general, a party must file an answer "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). FirstFleet was served on August 19 (ECF No. 17) and filed its Motion to Dismiss 21 days later on September 9 (ECF No. 28). Accordingly, the Motion was timely. Similarly, Budri's argument that his claim cannot be dismissed because it is based on a Constitutional argument is legally unfounded—and, as discussed above, the Fifth Circuit has already determined Budri forfeited this argument.

## Sanctions

FirstFleet's Motion includes a request for sanctions against Budri. In light of his refusal to heed repeated warnings from this court and others, and his penchant for vexatious and burdensome litigation conduct, the Court should exercise its inherent power to enjoin Budri from filing any lawsuit in this District without first obtaining an order from the Court permitting him to do so.

"'Federal courts have inherent powers which include the authority to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets.'" *Matter of Carroll*, 850 F.3d 811, 815 (5th Cir. 2017) (quoting *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996)) (internal citation omitted); *see also Citizens Bank & Tr. Co. v. Case (In re Case)*, 937 F.2d 1014, 1023 (5th Cir. 1991). "Such powers may be exercised only if essential to preserve the authority of the court and the sanction chosen must employ the least possible power adequate to the end proposed." *Nat'l Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996) (quoting *Anderson v.*

11

*Dunn*, 19 U.S. 204 (1821)). A court must make a specific finding of bad faith in order to impose sanctions under its inherent powers. *See Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995).

Federal courts also have authority to enjoin vexatious litigants under the All Writs Act, 28 U.S.C. § 1651. *Matter of Carroll*, 850 F.3d at 815 (citing *Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002)). When considering whether to enjoin future filings, the court must consider the circumstances of the case, including the following factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)). *Pro se* litigants are not immune from such sanctions, as they have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Budri has a history of filing frivolous lawsuits in this District and of pursuing litigation in a vexatious manner. As noted, this lawsuit is the fourth lawsuit Budri has filed arising out of the same set of facts. His claims lack merit, and his prior lawsuits have all been dismissed by opinions that leave no doubt as to the specific

deficiencies in his claims. In view of this history, the Court finds Budri lacked a good faith basis for bringing this action. Instead, the Court finds he filed this lawsuit in bad faith for purposes of harassment and in keeping with his strategy of being a self-proclaimed "pain in the neck" litigant—a strategy that Budri has pursued doggedly. He has filed more than 25 motions in the two months since he initiated this action—including multiple motions requesting the undersigned's recusal and objecting to the *pro hac vice* admission of opposing counsel. He often files several motions in a single day, and sometimes he files his motions overnight using the Court's emergency email account. He has filed at least ten motions after he was ordered to "refrain from filing any further motions, pleadings, notices, or other submissions in this case until after the Court has issued findings and a recommendation on Defendant's motion to dismiss and an order permitting additional filings." Order (ECF No. 49); *see also* Pl.'s Mot. for Leave to File an Am. Compl. (ECF No. 50); Mots. to Take Judicial Notice (ECF Nos. 53, 55, 58, 61, 63); Mot. for Injunction Relief (ECF No. 54); Mot. in Limine (ECF No. 56); Mot. to Vacate Referral to the U.S. Magistrate Judge (ECF No. 57); Mot. Show Cause (ECF No. 63); First Mot. for Injunction (ECF No. 67).

Budri has been repeatedly warned that continuing his vexatious conduct would result in sanctions. *See, e.g.*, *Budri v. FirstFleet Inc.*, 2019 WL 5578975, at *1 (N.D. Tex. Oct. 29, 2019) ("Plaintiff is reprimanded and strongly warned that future litigation against Defendants or any of their agents or employees arising out of the same facts underlying this case will result in the imposition of more severe

13

sanctions which may include monetary and injunctive sanctions and/or an additional bar preventing Plaintiff from filing any civil action in federal court without obtaining prior judicial authorization."); *Budri v. Admin. Rev. Bd., United States Dep't of Lab.*, 2021 WL 1726818, at *8–9 (5th Cir. Apr. 30, 2021) (establishing certain restrictions and requirements for future filings in the Fifth Circuit by Budri and admonishing him that "material violations of the provisions of this court's order(s) shall result in appropriate sanctions, including the striking of pleadings, dismissal, and/or the imposition of substantial monetary sanctions"). Yet, he brazenly ignored those warnings and filed new lawsuits and frivolous motions in those lawsuits. He is likely to continue this vexatious behavior if the Court does not enjoin him from doing so. Therefore, no sanction short of a pre-filing injunction would be adequate to curb Budri's abusive litigation conduct. Accordingly, the Court recommends that Budri be declared a vexatious litigant and enjoined from filing any lawsuit in this District without first obtaining an order permitting him to do so.

## Recommendation

For the foregoing reasons, the District Court should GRANT FirstFleet's Motion to Dismiss (ECF No. 28), DENY Budri's Motion to Amend (ECF No. 32), and DISMISS all Budri's claims and causes of action. The Court should also sanction Budri by enjoining him from filing any lawsuit in this District without first obtaining an order from the Court permitting him to do so.

The Court further directs the Clerk of Court to STRIKE his Addendum

Complaint and Motion for Injunction Relief (ECF Nos. 15 & 33), as well as his improperly filed surreply (ECF No. 42).

**SIGNED** October 22, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).