IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ADRIANO KRUEL BUDRI,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-1872-L-BT** |
| | § | |
| **FIRSTFLEET, INC.,** | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the court are Defendant Firstfleet, Inc.'s Motion to Dismiss and for Sanctions (Doc. 28), filed on September 9, 2021, and Plaintiff Adriano Kruel Budri's Motion to Amend (Doc. 32), filed on September 12, 2021. On October 22, 2021, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 68) was entered recommending that the court grant Defendant's Motion to Dismiss, deny Plaintiff's Motion to Amend, dismiss all of Plaintiff's claims and causes of action, and sanction Plaintiff by enjoining him from filing any other lawsuit in the Northern District of Texas without permission from the court to do so.

On October 22, 2021, Plaintiff Adriano Kruel Budri ("Plaintiff" or "Mr. Budri") filed objections to the Report. Plaintiff does not raise any substantive objection to the Report, and instead makes general objections to the magistrate judge's authority to issue such a report or preside over this matter. *See generally* Pl.'s Obj. (Doc. 69). On November 4, 2021, Defendant Firstfleet, Inc. ("Defendant" or "Firstfleet") filed its Response to Plaintiff's Objections to Report and Recommendation ("Def.'s Resp.") (Doc. 82). Defendant requests that the court overrule Plaintiff's objections to the Report; enjoin Plaintiff from filing additional lawsuits in the Northern

District against it or any individual related to it without first obtaining an order permitting such a filing; enjoin him from sending any communications to Firstfleet or individuals affiliated with it; and impose monetary sanctions against Plaintiff for attorney fees it incurred to defend this action.

The court **determines** that Mr. Budri's only cognizable objection to the Report is that this matter was impermissibly transferred to the magistrate judge. This objection is baseless as Rule 72 of the Federal Rules of Civil Procedure provides that:

> A magistrate judge must promptly conduct the required proceedings when assigned, *without the parties' consent*, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must promptly mail a copy to each party.

Fed. R. Civ. P. 72(b)(1) (emphasis added). As Defendant's Motion to Dismiss is a "pretrial matter dispositive of a claim," it was properly referred to the magistrate judge, and the Report was properly entered.

For the reasons stated in the Report, the court agrees with the magistrate judge that Plaintiff (1) has failed to state a cognizable claim as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure, and (2) is collaterally estopped from relitigating his claims against Firstfleet. *See* Report 7-8; 9-11. The court also agrees with the magistrate judge's determination that Mr. Budri lacked a good faith basis for filing this action, but instead "filed this lawsuit in bad faith for purposes of harassment." *Id.* at 13. Sanctions are necessary here because of Mr. Budri's bad faith filing and his demonstrated refusal to comply with orders issued by judicial officers.[*] A *pro se*

---

[*] As noted by the magistrate judge, the Fifth Circuit established restrictions and requirements for future filings in the court from Mr. Budri. *Budri v. Administrative Review Bd., United States Dep't of Labor*, 858 F. App'x 117, 128 (5th Cir. 2021). Specifically, the court held that "[a]ny material violations of the provisions of this court's order(s) shall result in appropriate sanctions, including the striking of pleadings, dismissal, and/or the imposition of substantial monetary sanctions." *Id.*

**Order – Page 2**

litigant "has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Having considered Defendant's Motion to Dismiss, Plaintiff's Motion to Amend, the pleadings in the underlying case, the record, and Report, and having conducted a *de novo* review of that portion of the magistrate judge's findings and conclusions to which objection was made, the court **determines** that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **concludes** that Plaintiff has failed to state a cognizable claim and that his claims are collaterally estopped, thus the only remaining question is whether Plaintiff should be allowed to amend his pleadings. Ordinarily, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (citation omitted). Granting leave to amend, however, is not necessary when doing so would be futile or the plaintiff has pleaded his "best case" and does not explain what facts would be included in an amended complaint to overcome the deficiencies identified. *Id.* (citations omitted). Plaintiff previously filed pleadings without leave that the magistrate judge properly construed as amended complains: Plaintiff's Declaratory and Injunctive Complaint (Doc. 3); Plaintiff's Amended Complaint (Doc. 15); Plaintiff's First Motion for Injunction Relief (Doc. 33). As Mr. Budri has filed multiple amended pleadings and the doctrine of collateral estoppel bars him from relitigating his claims against Firstfleet, the court **determines** that any further amendment would be futile and unnecessarily delays resolution of this action.

Accordingly, the court **grants** Defendant Firstfleet Motion to Dismiss and for Sanctions (Doc. 28); **denies** Plaintiff Budri's Motion to Amend (Doc. 32); **overrules** Plaintiff's general

Order – Page 3

objections to the Report (Doc. 69); and **dismisses with prejudice** all claims asserted by Plaintiff in this action.  As the court has dismissed all of his claims, each motion filed by Mr. Budri since the magistrate judge filed the Report, Docs. 77-80, 86-96, and 98, are **denied as moot**.  The court also **enjoins and prohibits** Mr. Budri from contacting or otherwise communicating with Firstfleet or individuals related to it, including but not limited to its owners, board members, employees, and current and former counsel.  Additionally, the court **directs** the clerk of court not to accept any filings by Adriano Kruel Budri, unless such filing is approved by a judicial officer of the United States District Court for the Northern District of Texas.  In accordance with Rule 58 of the Federal Rules of Civil Procedure, judgment will issue by separate document.

As reflected by the record, Mr. Budri is abusing the judicial process and is a serial litigator. If he violates any directive herein, the court will impose monetary sanctions against him and any other sanctions the court deems appropriate and necessary to correct his vexatious litigation tactics.

**It is so ordered** this 30th day of November, 2021.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge